UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSS LOUVIERE**<br><br>**Plaintiff,**<br><br>**VERSUS**<br><br>**STRYKER EMPLOYMENT COMPANY, LLC AND STRYKER CORPORATION**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**NO.: 3:23-CV-00398-SDD-RLB**<br><br>**CHIEF JUDGE SHELLY D. DICK**<br><br>**MAGISTRATE JUDGE: RICHARD L. BOURGEOIS** |

### ANSWER TO PETITION FOR DECLARATORY JUDGMENT AND DAMAGES AND COUNTERCLAIM

Defendants, Stryker Employment Company, LLC ("Stryker Employment") and Stryker Corporation, by and through their attorneys of record, hereby answer Plaintiff Russ Louviere's Petition for Declaratory Judgment and Damages as follows:

### ANSWER

Except as otherwise expressly set forth below, Stryker Employment and Stryker Corporation deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the Petition for Declaratory Judgment and Damages. Any allegation, averment, contention, or statement in the Petition for Declaratory Judgment and Damages not specifically and unequivocally admitted is denied. Stryker Employment and Stryker Corporation respond to the individually numbered paragraphs in the Petition for Declaratory Judgment and Damages as follows:

1. The allegations in Paragraph 1 are denied for lack of information sufficient to form a belief about the truth thereof.

2. The allegations in Paragraph 2 are admitted.

1

3. In response to the allegation in Paragraph 3, Stryker Employment and Stryker Corporation admit that Stryker Corporation is a corporation organized under the laws of the State of Michigan with its principal place of business in Kalamazoo, Michigan. Stryker Employment and Stryker Corporation further admit that Stryker Corporation is not registered to do business in the State of Louisiana and that Stryker Corporation is a related entity to Stryker Employment.

4. The allegations in Paragraph 4 are legal conclusions that do not require an answer from Stryker Employment and Stryker Corporation. To the extent a response is deemed to be necessary, the allegations in Paragraph 4 are denied.

5. In response to Paragraph 5, it is admitted that Russ Louviere was previously employed by Stryker Employment and worked exclusively within the state of Louisiana during his employment. The remaining allegations in Paragraph 5 are denied for lack of information sufficient to form a belief about the truth thereof.

6. In response to Paragraph 6, it is admitted that, effective February 26, 2021, Russ Louviere entered into a Stryker Corporation Confidentiality, Intellectual Property, Non-Competition and Non-Solicitation Agreement (the "Agreement") for U.S. Employees with Stryker, the terms of which speak for themselves.

7. In response to Paragraph 7, it is admitted that the cited "Governing Law and Venue" provision is included in the Agreement and that the Agreement requires the application of Michigan law to any dispute and restricts Mr. Louviere from filing suit outside of Michigan. Defendants submit that the Agreement is the best evidence of its content, and any inconsistent characterization of same is denied. The remaining allegations in Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied. Defendants further submit that the Agreement is the best evidence of its content, and any inconsistent characterization of same is denied.

9. In response to Paragraph 9, Defendants admit that Section 6.3 of the Agreement restricts Mr. Louviere from accepting certain positions with businesses that compete with Stryker for twelve months following the termination of his employment. Defendants deny that Section 6.3 of the Agreement does not list parishes, municipalities, and/or countries in which competition is prohibited. Defendants submit that the Agreement is the best evidence of its content, and any inconsistent characterization of same is denied.

10. In response to Paragraph 10, Defendants deny that Attachment A to the Agreement does not enumerate the parishes in which Stryker prohibits solicitation and competition. Defendants further submit that the Agreement is the best evidence of its content, and any inconsistent characterization of same is denied.

11. In response to Paragraph 11, Defendants submit that the Agreement is the best evidence of its content, and any inconsistent characterization of same is denied.

12.  The allegations in Paragraph 12 are denied.

13. In response to Paragraph 13, Defendants admit that Stryker sent a letter to Russ Louviere dated March 3, 2023 (the "March 3, 2023 Letter"). Defendants submit that the March 3, 2023 Letter is the best evidence of its content, and any inconsistent characterization of same is denied.

14. The allegations in Paragraph 14 are denied as stated. It is admitted that, prior to the institution of litigation, the parties were in communication about Plaintiff's obligations under the Agreement.

15. The allegations in Paragraph 15 do not appear to require a response from Defendants. To the extent a response is deemed to be necessary, the allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 do not appear to require a response from Defendants. To the extent a response is deemed to be necessary, the allegations in Paragraph 16 are denied.

17. In response to Paragraph 17, Defendants submit that Louisiana Revised Statute § 23:921 is the best evidence of its content, and any inconsistent characterization of same is denied. The remaining allegations in Paragraph 7 are legal conclusions that do not require an answer from Stryker Employment and Stryker Corporation. To the extent a response is deemed to be necessary, the allegations of Paragraph 17 are denied.

18. In response to Paragraph 18, Defendants admit that the Agreement requires application of Michigan law to disputes arising out of the Agreement and specifies the state and federal courts of Michigan as the exclusive forum for raising such disputes. The remaining allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 do not appear to require a response from Stryker Employment and Stryker Corporation. To the extent a response is deemed to be necessary, the allegations in Paragraph 20 are denied.

21. In response to Paragraph 21, Defendants submit that Louisiana Revised Statute § 23:921 is the best evidence of its content, and any inconsistent characterization of same is denied. The remaining allegations in Paragraph 21 are legal conclusions that do not require an answer from Stryker Employment and Stryker Corporation. To the extent a response is deemed to be necessary, the allegations of Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. In response to Paragraph 24, Defendants submit that Louisiana Revised Statute § 23:921(C) is the best evidence of its content, and any inconsistent characterization of same is denied. The remaining allegations in Paragraph 24 are denied.

25. In response to Paragraph 25, Defendants submit that the Agreement is the best evidence of its contents, and any inconsistent characterization of same is denied.

26. The allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 do not appear to require a response from Stryker Employment and Stryker Corporation. To the extent a response is deemed to be necessary, the allegations in Paragraph 27 are denied.

28. In response to Paragraph 28, Stryker Employment and Stryker Corporation submit that the Louisiana Unfair Trade Practices Act is the best evidence of its contents, and any inconsistent characterization of same is denied.

29. The allegations in Paragraph 29 are legal conclusions that do not require an answer from Defendants. To the extent a response is deemed to be necessary, the allegations in Paragraph 29 are denied.

30. The allegations in Paragraph 30 are legal conclusions that do not require an answer from Defendants. To the extent a response is deemed to be necessary, the allegations in Paragraph 30 are denied.

31. In response to Paragraph 31, Stryker Employment and Stryker Corporation admit that Stryker sent Russ Louviere a March 3, 2023 Letter and that Mr. Louviere and Stryker were unable to reach an agreement on the scope of Mr. Louviere's work with his new employer. The remaining allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 and in the unnumbered prayer for relief are denied.

## DEFENSES

### FIRST DEFENSE

The petition fails to state a claim against Stryker Employment and Stryker Corporation upon which any relief may be granted.

### SECOND DEFENSE

Stryker Employment and Stryker Corporation deny that Plaintiff is entitled to any of the declaratory relief or other relief sought in the Petition for Declaratory Judgment and Damages.

### THIRD DEFENSE

Stryker Employment and Stryker Corporation affirmatively plead all terms, conditions, provisions, restrictions, and attachments of the Stryker Corporation Confidentiality, Intellectual Property, Non-Competition and Non-Solicitation Agreement (the "Agreement") between Stryker and Russ Louviere as if copied herein *in extenso*.

**FOURTH DEFENSE**

Stryker Employment and Stryker Corporation aver that Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands, wrongful conduct, and/or estoppel.

**FIFTH DEFENSE**

Stryker Employment and Stryker Corporation specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery, and hereby reserves the right to amend their Answer and assert any such defenses.

**SIXTH DEFENSE**

If any provision of the Agreement is found unenforceable, it may be reformed to allow for the enforcement of that provision.

WHEREFORE, Defendants Stryker Employment Company LLC and Stryker Corporation pray that their Answer be deemed good and sufficient, and after due proceedings are had, there be judgment rendered in their favor, dismissing all of Plaintiff's claims, with prejudice, at Plaintiff's costs, and for all other general and equitable relief to which Stryker Employment Company and Stryker Corporation may be deemed entitled by the Court.

**COUNTERCLAIM**

AND NOW, having responded to Plaintiff's Petition for Declaratory Judgment and Damages, Stryker Employment Company LLC ("Stryker Employment") asserts a Counterclaim against Plaintiff, and hereby respectfully represents:

1.

Counterclaimant Stryker Employment Company LLC is, and was at the time this action was commenced, a limited liability company organized under the laws of the state of Michigan. The sole member of Stryker Employment is Howmedica Osteonics Corp., a wholly owned

subsidiary of Stryker Corporation. Howmedica Osteonics Corp. is a New Jersey corporation with its principal place of business in New Jersey. Stryker Employment Company LLC is therefore a citizen of New Jersey for diversity purposes. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); 28 U.S.C. § 1332(c)(1).

2.

Upon information and belief, Defendant-in-Counterclaim Russ Louviere is a person of the age of majority who is a citizen and resident of St. Martin Parish, Louisiana.

3.

This Court has jurisdiction over this counterclaim in that it arises directly out of the transaction or occurrence that is the subject matter of the opposing party's claim, does not require the addition of another party over whom the Court cannot acquire jurisdiction, and is not the subject of another pending action.

4.

Mr. Louviere was formerly employed with Stryker Employment as a Sales Representative from March 15, 2021 until February 17, 2023.

5.

On February 26, 2021, Mr. Louviere entered into a Stryker Corporation Confidentiality, Intellectual Property, Non-Competition and Non-Solicitation Agreement (the "Agreement") with Stryker. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

6.

The Agreement expressly defines the "Company" and "Stryker" as "collectively, Stryker Corporation including any of its subsidiaries, divisions, and affiliates and their respective parents, predecessors, successors, assigns, purchasers, and acquirers to which [Russ Louviere] may be

transferred or by which [he] may be employed in the future, wherever located." Thus, the Agreement extends to Mr. Louviere's employment with Stryker Employment.

7.

The Agreement defines the term "Restricted Period" as "the twelve-month period following termination of my employment with Stryker, regardless of the reason for termination." Exhibit 1, at § 2.8.

8.

The agreement contains the following restrictive covenant in Section 6.2:

> I agree that during my employment with Stryker and during the Restricted Period, I will not, in any capacity, directly or indirectly, personally or through another person, (i) solicit, contact or sell any Conflicting Product or Service to a Stryker Customer; (ii) ) solicit, contact or sell any product or service to a Stryker Customer that competes with or is similar to any Stryker product or service; (iii) divert, entice or otherwise take away from Stryker the business or patronage of any Stryker Customer; or (iv) solicit or induce any vendor, supplier or Stryker Customer to terminate or reduce its relationship with Stryker.

9.

The Agreement further contains the following restrictive covenant in Section 6.3:

> (a) During my employment with Stryker and during the Restricted Period, I will not work (as an employee, consultant, contractor, agent, or otherwise) for, or render services directly or indirectly to, any Conflicting Organization in which the services I may provide could enhance the use or marketability of a Conflicting Product or Service by application of Confidential Information which I have had access to during my employment or while working for a Stryker agency. This provision shall not bar me from accepting employment with a Conflicting Organization whose business is diversified and which is, as to that part of its business in which I accept employment, not a Conflicting Organization. If I accept employment with a Conflicting Organization, I will provide Stryker written assurances satisfactory to Stryker that indicate that I will not render services directly or indirectly, during the Restricted Period, in connection with any Conflicting Product or Service. I understand that Stryker may also require written assurances from the Conflicting Organization. I also agree that during my employment with Stryker and during the Restricted Period, I will not render services to any organization or person in a position similar in responsibilities to any position I held with Stryker during the

9

twenty-four (24) months prior to the termination of my employment with Stryker for any reason or in any position in which I could use Confidential Information to the detriment of Stryker.

***

(c) Notwithstanding Section 6.3(a) hereof, if at the time of the termination of my employment, my responsibilities include: sales or service, case coverage, servicing products or assisting with sales or service, case coverage or servicing product within a geographic area, territory, branch or assigned customer accounts, then the post-employment restrictions set forth in Section 6.3(a) hereof shall include and be limited to (i) the geographic area, territory, branch and assigned customer accounts that, directly or indirectly, was covered either by me or by employees, distributors, agents or representatives who reported to me at any time during such twenty-four (24) month period preceding the termination of my employment; and/or (ii) any geographic area, territory, branch and assigned customer accounts to which I provided services, covered cases, made proposals, made sales or serviced products whether directly or indirectly, at any time during such twenty-four
(24) month period preceding the termination of my employment.

10.

Attachment A to the Agreement entitled "State Law Modifications" states that its purpose is to "modify certain terms of this Agreement as described herein" and "supplements and is intended to be read with the [Agreement]."

11.

Attachment A to the Agreement provides that "[t]he following is added to Section 6.2 and 6.3 of the Agreement." Directly following that sentence, Attachment A states that "[d]uring the Restricted Period this covenant shall apply in the following parishes:" and then proceeds to enumerate specific Louisiana Parishes.

12.

Pursuant to Section 6.6 of the Agreement, should any provision of the Agreement be deemed invalid, overbroad, or unenforceable, that provision may be reformed to make the provision valid and enforceable under applicable law:

6.6 **Modification of Non-Compete and Non-Solicitation Provisions.** The provisions of this Agreement shall be severable and if any provision of this Agreement is found by any court to be unenforceable, in whole or in part, the remainder of this Agreement shall nevertheless be enforceable and binding on the parties. I also agree that a court or arbitrator may modify any invalid, overbroad or unenforceable term of this Agreement so that such term, as modified, is valid and enforceable under applicable law and is authorized to extend the length of this Agreement for any period of time in which I am in breach of this Agreement or as necessary to protect the legitimate business interests of Company.

13.

Pursuant to Section 8.3 of the Agreement, should any provision of the Agreement be deemed invalid or unenforceable, that provision must be construed to limit and reduce the provision to contain the maximum restrictions required by the applicable law:

> 8.3 **Validity of Provisions**. I expressly agree that the provisions contained herein are fair and reasonable limitations as to time, geographical area and scope of activity, and such restrictions do not impose a greater restraint than is necessary to protect the goodwill and other business interests of Stryker. To the extent any portion of this Agreement, or any portion of any provision of this Agreement is held to be invalid or unenforceable, it shall be construed by limiting and reducing it so as to contain the maximum restrictions permitted by applicable law. All remaining provisions of this Agreement, and/or portions thereof, shall remain in full force and effect. I have been provided an adequate amount of time to seek legal counsel before executing this Agreement and agreeing to its terms.

14.

The Agreement also contains the following choice of law and forum provision:

> 8.2 **Governing Law and Venue**. Although I may work for Stryker in various locations, I agree and consent that this Agreement shall be interpreted and enforced as a contract of Michigan and shall be interpreted and enforced in accordance with the internal laws of that state without regard to its conflict of law rules. In such circumstance, I agree and consent that any and all litigation between Stryker and me relating to this Agreement will take place exclusively in Michigan and I consent to the jurisdiction of the federal and/or state courts of that state. I consent to personal jurisdiction and venue in both such Courts and to service of process by United States Mail or express courier service in any such action. By signing this Agreement, I represent and warrant that I have been advised to and/or have consulted with an attorney and that the attorney and/or myself agree to the terms herein including, but not limited to, the terms of this paragraph.

15.

Pursuant to Section 8.2 of the Agreement, the state of Michigan is the appropriate forum for this suit and Michigan law applies to this case.

16.

Finally, the Agreement provides as follows:

> BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THE AGREEMENT AND ITS ATTACHMENTS AND UNDERSTAND AND AGREE TO EACH OF THEIR PROVISIONS.

17.

Upon information and belief, shortly after the termination of his employment with Stryker Employment, Mr. Louviere accepted a position with Alon Medical Technologies ("Alon"), as an Area Manager for Arthrex Sports Medicine.

18.

Upon information and belief, Plaintiff's employment with Alon involved providing 'Conflicting Product and/or Service,' as defined in Section 2.3 of the Agreement, in his former Stryker territory in Louisiana.

19.

Plaintiff's employment in this position with Alon, specifically in Louisiana, in and of itself constitutes a violation of the non-competition provisions of the Agreement, including, but not limited to, Section 6.3.

20.

On March 3, 2023, Stryker sent a letter to Mr. Louviere reminding him of his post-employment obligations pursuant to the Agreement. A true and correct copy of the March 3, 2023 letter is attached hereto as Exhibit 2.

21.

Upon information and belief, Plaintiff has been observed on multiple occasions covering cases of his former Stryker customers, including but not limited to, Central Louisiana Surgical Hospital, Lake Charles Memorial Hospital, and Imperial Calcasieu Surgery Center, in violation of Sections 6.2 and 6.3 of the Agreement.

22.

On March 21, 2023, Stryker sent Plaintiff a Cease and Desist letter (the "Cease and Desist") regarding his violations of the Agreement. A true and correct copy of the Cease and Desist is attached hereto as Exhibit 3.

23.

Upon information and belief, Mr. Louviere engaged in further violations of the Agreement by soliciting Stryker's clients, including but not limited to, Abbeville General Hospital and Park Place Surgical Hospital, and attempted to sell to surgeons he previously worked with while employed with Stryker.

24.

Mr. Louviere has further breached sections 6.3 and 6.5 of the Agreement by failing to provide Stryker with sufficient written notice and assurances regarding his employment with Alon.

**Count One: Breach of Contract**

25.

Stryker Employment incorporates all its allegations contained in the preceding paragraphs as though fully set forth herein.

26.

Louviere entered into the Agreement. *See* Exhibit 1. The Agreement constitutes a valid and binding contract between Stryker and Louviere.

27.

The Agreement specifically prohibits Louviere from soliciting, contacting, or selling any Conflicting Product or Service or any product or services that compete with or is similar to any Stryker Product or service to a Stryker Customer and from diverting, enticing, or otherwise taking away the business of any Stryker Customer for no less than 12 months following the termination of his employment. *See* Exhibit 1.

28.

The Agreement further provided that, for no less than 12 months following the termination of his employment, Louviere would not: work, directly or indirectly, for any Conflicting Organization in which the services he may provide could enhance the use or marketability of a Conflicting Product or Service by application of Confidential Information which he had access to during his employment with Stryker; render services to any organization or person in a position similar in responsibly to any position he held with Stryker during the 24 months prior to the termination of his employment with Stryker; or work in any position in which he could use Confidential Information to the detriment of Stryker. *See* Exhibit 1.

29.

Upon information and belief, Mr. Louviere has solicited, contacted, enticed, and/or diverted Stryker Customers and provided Conflicting Product and/or Service for his and Alon's benefit since the termination of his employment.

30.

By his actions, Mr. Louviere has violated the provisions of the Agreement, including, but not limited to, Sections 6.2, 6.3 and 6.5.

31.

As a result of Louviere's violations of the Agreement, Stryker Employment is entitled to specific performance, injunctive relief, and damages. Stryker Employment is further entitled to attorney's fees and costs, as provided for in the Agreement, as well as any other remedy and/or damages available at law or equity because of Mr. Louviere's violations of the Agreement.

### Count Two: Breach of Fiduciary Duty And/Or Duty of Loyalty

32.

Stryker Employment incorporates all its allegations contained in the preceding paragraphs as though fully set forth herein.

33.

As a former employee of Stryker Employment, Louviere had, and still has, certain fiduciary duties to Stryker Employment by virtue of his employment, including a duty of loyalty. These duties include, but are not limited to, the protection (both during and after his employment) of all Confidential Information and trade secrets connected with and gained through his employment at Stryker Employment. Likewise, Louviere had a duty to act in Stryker Employment's best interests during his employment.

34.

Louviere was entrusted with Confidential Information and trade secrets belonging to Stryker Employment and had a duty of loyalty not to misuse that information.

35.

Upon information and belief, Louviere breached his fiduciary duties, including the duty of loyalty, while still employed by Stryker Employment, by informing Stryker Customers that he was leaving Stryker Employment to work with Alon and soliciting Stryker Customers to move their business to a competitor product line.

36.

Louviere's actions, as alleged herein, have caused damage to Stryker Employment.

37.

As a result of Louviere's breaches of fiduciary duties, Stryker Employment is entitled to specific performance, injunctive relief, and damages. Stryker Employment is further entitled to attorney's fees and costs, as provided for in the Agreement, as well as any other remedy and/or damages available at law or equity because of Mr. Louviere's breaches of fiduciary duty.

WHEREFORE, counterclaimants Stryker Employment and Stryker Corporation pray that Plaintiff and Counter-Defendant Russ Louviere be duly cited to appear and answer this Counterclaim, and that after due proceedings are had there be judgment in favor of Stryker Employment and Stryker Corporation and against Mr. Louviere for specific performance, injunctive relief, damages, including lost profits, attorney's fees, costs, legal interest, and for all other general and equitable relief to which Stryker Employment Company LLC and Stryker Corporation may be deemed entitled by the Court.

Respectfully submitted,

IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC


*/s/ Kelly Juneau Rookard*
Douglas J. Moore (La. Bar No. 27706)
Kelly Juneau Rookard (La. Bar No. 30573)
Gabrielle C. Broders (La. Bar No. 39821)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Tel: (504) 310-2100
Fax: (504) 310-2101
dmoore@irwinllc.com
kjuneau@irwinllc.com
gbroders@irwinllc.com

Matthew W. Bailey (La. Bar No. 21459)
Shannon M. Kippers (La. Bar No. 37738)
Kennedy Rose (La. Bar No. 40036)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
krose@irwinllc.com

***Counsel for Stryker Employment Company, LLC and Stryker Corporation***


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2023, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system.

*/s/Kelly Juneau Rookard*
Kelly Juneau Rookard